UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ISAIAH HERNDON,<br><br>    Plaintiff<br><br>v.<br><br>RENO POLICE DEPARTMENT, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00227-MMD-CSD<br><br>**Order**<br><br>Re: ECF Nos. 1, 1-1 |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $0, and his average monthly deposits were $0.

Plaintiff's application to proceed IFP is granted. Plaintiff is not required to pay an initial partial filing fee; however, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names the Reno Police Department and Officers Casey Thomas and Steven Welin. Plaintiff alleges that on November 5th, the Reno Police Department responded to a domestic violence report at 197 E. Grove Street, Apartment F13. Thomas and Welin arrived and knocked on Plaintiff's apartment door two times without announcing themselves. Plaintiff did not have a peep hole to see who was at the door, so he asked who it was and they did not respond. He asked another time, and they still did not respond. Plaintiff opened the door with a firearm because of the area he lives in, and the officers opened fire and shot Plaintiff five times

in the body and arms. Plaintiff alleges the officers violated his right to have them knock and announce themselves.

"The common-law principle that law enforcement officers must announce their presence and provide residents an opportunity to open the door is an ancient one." *Hudson v. Michigan*, 547 U.S. 586, 589 (2006) (citing *Wilson v. Arkansas*, 514 U.S. 927, 931-32 (1995). This protection is codified at 18 U.S.C. § 3109. *Id*. The Supreme Court has concluded that the rule is "also a command of the Fourth Amendment." *Id*. (citing *Wilson*, 514 U.S. at 931-36).

There are many exceptions to the knock-and-announce rule, such as "when 'circumstances presen[t] a threat of physical violence,' or if there is 'reason to believe that evidence would likely be destroyed if advance notice were given,' … or if knocking and announcing would be 'futile'[.]" *Id*. at 589-90 (citations omitted). There must only be a "'reasonable suspicion … under the particular circumstances' that one of these grounds for failing to knock and announce exists" and "[t]his showing is not high." *Id*. (citation omitted).

The court cannot determine from the pleading whether one of these exceptions might apply. Liberally construing the pro se complaint, Plaintiff states a colorable Fourth Amendment claim against Thomas and Welin.

Insofar as Plaintiff sues the Reno Police Department, the proper defendant would be the City of Reno, and not the Reno Police Department. Even if Plaintiff had named the proper defendant, he does not set forth allegations to state a claim against a municipality. Municipalities can be liable for the infringement of constitutional rights only under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978).To impose liability on a municipality under section 1983, a plaintiff must demonstrate: "1) [the plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy

amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (*Gordon II*).

"A plaintiff can satisfy *Monell's* policy requirement in one of three ways." *Id*. (citation omitted). "First, a local government may be held liabile when it acts 'pursuant to an expressly adopted official policy.'" *Id*. (citations omitted). "Second, a public entity may be held liable for a longstanding practice or custom." *Id*. (quotation marks and citation omitted). "Such circumstances may arise when, for instance, the public entity fail[s] to implement procedural safeguards to prevent constitutional violations or, sometimes, when it fails to train its employees adequately." *Id*. (citations and quotation marks omitted, alteration original). *Id.* "Third, a local government may be held liable under [Section] 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Id*. at 974 (citations and quotation marks omitted).

Plaintiff's complaint includes no factual allegations to state a claim against the municipality. Therefore, the Reno Police Department will be dismissed, but with leave to amend for Plaintiff to name the proper defendant and to include sufficient allegations for liability against the municipality.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**. Plaintiff need not pay the initial partial filing fee; however, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is

dismissed, or is otherwise unsuccessful. The Clerk must **SEND** a copy of this Order to the attention of **Chief of Inmate Services for the Washoe County Detention Facility, 911 E. Parr Blvd., Reno, NV 89512**.

(2) The Clerk will **FILE** the complaint (ECF No. 1-1).

(3) Plaintiff may **PROCEED** with his Fourth Amendment knock-and-announce claim against Thomas and Welin; however, the Reno Police Department is **DISMISSED WITH LEAVE TO AMEND**.

(4) The Clerk shall **SEND** Plaintiff the instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

(5) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above as to the Reno Police Department by naming the correct defendant and including sufficient factual allegations to hold a municipality liable. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall check the box for the first amended complaint on the court's form civil rights complaint. If Plaintiff fails to file an amended complaint within the 30 days, the action will proceed only against Thomas and Welin.

**IT IS SO ORDERED**.

Dated: September 14, 2022

_____
Craig S. Denney
United States Magistrate Judge